ALEXANDER JONES, Respondent, *v.* SAMUEL L. FARRINGTON, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 18, 1889.

*Appeal. Pleadings. Motion to strike out.*—An order striking out averments in an answer, in an action for board alleged to have been furnished by plaintiff to a third person, at the special instance and request of defendant, on the ground that the account, if due and owing, is due and owing for board and lodging furnished to a third person and not to defendant, and is a special promise to answer for the debt of another, for which there is no note or memorandum or contract made in writing or subscribed by the defendant, is much too broad and sweeping, and should be reversed.

Appeal from an order striking out parts of defendant's answer as irrelevant and redundant, and vacating an *ex parte* order.

The complaint alleged :

*First.* That said plaintiff is an inn or hotel keeper in the village of White Plains, in the county of Westchester, and that the defendant resides in said county.

*Second.* That on or about the 18th day of February, 1888, an account was stated between the plaintiff and the

defendant, whereby it appeared that the defendant was in-
debted to the plaintiff in the sum of ninety and 80–100 dol-
lars, which amount defendant promised the plaintiff to pay
him and did then and there pay on account thereof, to the
plaintiff, sixty dollars, but no further sum has been paid on
said indebtedness, and the sum of thirty and 81–100 dollars
is still due on account thereof, as aforesaid.

*Third.* That there became due and owing in the last day
of each of the thirteen weeks respectively next succeeding
the 18th day of February, 1888, from the defendant to the
plaintiff for board and lodging furnished at the agreed
price of five dollars a week for each of said weeks by
plaintiff to the defendant's brother, at the special instance
and request of the defendant, thirteen several sums of $5
each, amounting in all to the sum of $65, which said sum
the said defendant promised and agreed to pay the plaint-
iff for the board and lodging aforesaid, and though there-
unto duly requested, neither the said defendant nor any one
on his behalf has paid the said sum of $65, or any part
thereof, and the same is wholly due and owing from the
defendant to the plaintiff, with interest.

Defendant answered as follows:

Defendant, for answer to the amended complaint, shows:

1. Admits his residence and the payment of sixty dollars,
all as alleged.

2. Denies each and every allegation, and part thereof, in said
complaint contained, not hereinbefore specifically admitted.

3. For further answer and a separate defense.

That plaintiff's account runs back of dates stated for
some years, and large sums have been paid thereon, amounts
defendant knows not, and no balance was ever struck or
settlement in full made, or account stated.

That the alleged stated account, if due and owing, is due
and owing for board and lodging furnished to one James
B. Farrington, and not to defendant, who is a married man,
or to any of his family.

That the board and lodging furnished, as alleged in allegation three of said complaint, were, if furnished, furnished to one said James B. Farrington, and not to defendant. or to any of his family.

That no action or proceeding at law has been had to collect of said James B. Farrington the sum sought to be recovered herein of defendant. This allegation is on information and belief.

That there is a defect and non-joiner of parties defendant to this action, in that said James B. Farrington, who is a necessary party defendant, has not been made a party defendant to this action.

4. For further answer and a separate and distinct defense :

Reiterates, and makes part of this defense, the allegations contained in the third paragraph of this answer down to the words : " That there is a defect of parties ; " and further shows that the alleged promises set forth in said complaint, if made, were special promises to answer for the debts of another, to wit : said James B. Farrington.

That no note or memorandum of such special promises, or contracts, was made in writing, or subscribed by the party to be charged therewith, to wit : defendant.

The court ordered stricken out as irrelevant and redundant all of said answer, with the exception of the part thereof from the beginning thereof down to the words : " That the alleged stated account," and with the exception of the part thereof wherein it is alleged that there is a defect of parties, and with the exception of the demand of judgment and verification of said answer.

*J. C. & N. J. Donohue*, for appellant.

*Frederick William Sherman*, for respondent.

Dykman, J.—This is an appeal from an order of the county court of Westchester county striking out portions

of the answer of the defendent in this action which is pending in that county court.

An examination of the answer discloses no redundant or irrelevant allegation, except, perhaps, the charge that no action had been commenced against the brother of the defendant to whom the board was furnished. That averment may be unnecessary, but no other objection can be lodged against the answer, and the order is much too broad and sweeping.

The order should, therefore, be reversed, with ten dollars costs and disbursements.

All concur.